**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DARIO CUNGACHI-CAJILENA,

Petitioner,

v. No. 1:26-cv-02838-KG-JMR

LNU, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Dario Rocio Chavez-Ortiz's pro se Amended Petition for a Writ of Habeas Corpus ("Petition"), Doc. 8, Motion for Leave to Proceed In Forma Pauperis ("IFP"), Doc. 9, and Motion for Interim Relief, Doc. 10. Petitioner has also filed an Emergency Motion to Expedite, Doc. 2, and an Emergency Motion for Temporary Restraining Order, Doc. 3. For the reasons below, the Court grants the Amended Petition and Motion to Proceed IFP. The Court denies the Emergency Motion to Expedite, Emergency Motion for Temporary Restraining Order, and Motion for Interim Relief as moot.

Petitioner is a citizen of Ecuador who was detained by U.S. Immigration and Customs Enforcement ("ICE") on or about August 27, 2026. Doc. 8 at 6. Since then, Petitioner has remained in immigration custody and is currently detained at the Cibola County Detention Facility in Milan, New Mexico. *Id.* at 1. Petitioner filed a Petition for a Writ of Habeas Corpus on August 27, 2026, challenging her continued detention without a bond hearing and seeking immediate release. *See* Doc. 1. Petitioner then filed an Amended Petition for Writ of Habeas Corpus on September 11, 2026. *See* Doc. 8. The Government did not contest the facts presented in the original Petition, *see* Doc. 7 at 1 ("Respondents are not submitting a brief in opposition to

the petition or detailing the facts and circumstances of this case"), and did not answer the Amended Petition. Thus, the Court accepts the facts pled in the Amended Petition as true.

The Court therefore concludes that 8 U.S.C. § 1226(a) governs Petitioner's detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Petitioner's detention without a bond hearing constitutes a violation of her right to due process under the Fifth Amendment to the United States Constitution. *See Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. 2025) (concluding petitioner detained pursuant to § 1226 was entitled to a bond hearing and continued detention without such review was an ongoing violation of due process rights); *Mieles-Parraga v. Bondi*, No. 2:26-cv-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. March 19, 2026) (ruling petitioner's detention absent a bond hearing violated the Due Process Clause of the Fifth Amendment).

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [petitioner] has been taken into custody, cannot make up for the lack of an initial, individualized determination process by ICE.").

The Court grants Petitioner's Amended Petition, Doc. 8, and Motion to Proceed IFP, Doc. 9. The Court denied Petitioner's Emergency Motion to Expedite, Doc. 2, Emergency Motion for Temporary Restraining Order, Doc. 3, and Motion for Interim Relief, Doc. 10, as moot.

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight (48) hours from this Order's filing) Petitioner from custody.
2. Upon Petitioner's release, Respondents must return all of her property, including any identification documentation that was in her possession when she was detained. Respondents shall further provide a copy of this Order to Petitioner.
3. Respondents must file a status report within five (5) business days of this Order's filing to certify their compliance.
4. If Petitioner is re-detained prior to final order of removal, all applicable regulations and procedures must be followed, including that Petitioner be provided a bond hearing pursuant to Section 1226(a).

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.